R. L. COBB & SONS *v.* JOHN F. BAKER.

**Actions—Trover and Conversion—Contract Price Criterion.**

In an action of trover and conversion, the value of the property at the time of the conversion, not to exceed he contract price, is the true criterion.

APPEAL FROM CALDWELL CIRCUIT COURT.

January 17, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

While the facts in the petition are not set forth in as concise and direct language as might be desirable, still, all that are necessary to constitute a good cause of action are stated, and the demurrer to the petition was therefore properly overruled.

Johnson certainly stated that appellee said he would as soon take his note for the residue of the price of his tobacco as any man's, but no note was tendered, and from that Groom was instructed positively not to part with the possession of the tobacco until the price was paid, it must be inferred that appellee only meant that if he would take a note at all for the unpaid balance, he would take Johnson's as soon as any man's, but that he did not intend to take the note of any one.

There is no contrariety of evidence that the sale was for cash, on the delivery of the tobacco at the barns of Groom; the tobacco was delivered there, Groom being the agent of Johnson, ready to be surrendered to him when the price was paid, so that appellee did all that he was bound to do to constitute a compliance on his part with the contract.

By the acceptance of the money from appellants on the draft of Johnson, there was no express waiver of any lien by appellee that he had for the residue of the price. Nor does the evidence show that appellants required such waiver, or contracted for the delivery of the tobacco to them upon the payment of the amount of the draft.

The order of appellants to Harris, the warehouse man, was competent to show to whom and by what authority the tobacco was delivered, but the affirmation in the order that they had settled

with Baker was not competent evidence of the fact of the payment of the price, but the *onus* was on apellant to prove that fact, *aliunde.*

The evidence as to the price of tobacco about the 1st of June, 1865, when appellants received appellee's tobacco, is conflicting, and if there is any preponderance of evidence against the verdict it is not such as to authorize this court to interpose.

Nor is there any available objection to the instruction given at the instance of appellee. The action is in the nature of an action of tróver, and conversion, and the meaning of the instruction is that if the jury should find for appellee, they should find the value at the time of the conversion, not, however, to exceed the contract price, which is the correct criterion in this class of actions. The only instruction asked by appellants seems to have been given.

No available error is manifested in the record.

Wherefore, the judgment is affirmed.

*Craddock, Slacker, for appellant.*

*James, for appellee.*